IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                              :
SMARTDOOR HOLDINGS, INC.           :
5711-A Center Lane                              :
Falls Church, Virginia 22041                  :
                                                              :
      Plaintiff,                                    :
                                                              :
    v.                                                    :  Civil Action No. _____
                                                              :
EDMIT INDUSTRIES, INC.                     :  COMPLAINT FOR PATENT INFRINGEMENT
1400 Boulevard Ford                            :
Chateauguay QC, Canada                    :
J6J 4Z2                                                  :  AND TRADE SECRET MISAPPROPRIATION
                                                              :
                                                              :  JURY TRIAL DEMANDED
Serve: SERGIO ARMANO                    :
        1400 Boulevard Ford                      :
        Chateauguay QC J6J 4Z2             :
                                                              :
    and                                                  :
                                                              :
ADA EZ, a Division of Edmit Industries, Inc.  :
1400 Boulevard Ford                            :
Chateauguay QC, Canada                    :
J6J 4Z2                                                  :
                                                              :
Serve: SERGIO ARMANO                    :
        1400 Boulevard Ford                      :
        Chateauguay QC J6J 4Z2             :
                                                              :
DAVID JOHAN VAN TUYL                     :
79 Holland River Boulevard
Holland Landing, Ontario, Canada
L9N-1C3
_____ :

# **COMPLAINT**

      For its Complaint, Plaintiff SMARTDOOR HOLDINGS, INC. complains and alleges as follows against the Defendants:

## **THE PARTIES**

1.    Plaintiff SMARTDOOR HOLDINGS, INC. ("SMARTDOOR") is a corporation organized

1

under the laws of Maryland, and has a principal place of business at 5711-A Center Lane, Falls Church, Virginia 22041.

2.     DAVID JOHAN VAN TUYL is a citizen of Canada whose principal place of business at times pertinent to this Complaint was located in Holland Landing, Ontario.

3.     Defendant EDMIT INDUSTRIES, INC. ("EDMIT") is a corporation organized under the laws of Canada, and on information and belief has a principal place of business at 3540 St-Patrick, Montreal, Quebec, Canada H4E1A2, and also on information and belief has a registered office address at 1400 Boul, Ford, Chateauguay QC J6J 4Z2.

4.     On information and belief, ADA EZ is a division of Defendant EDMIT INDUSTRIES, INC. and on information and belief has a principal place of business at 3540 St-Patrick, Montreal, Quebec, Canada H4E1A2, and also on information and belief has a registered office address at 1400 Boul, Ford, Chateauguay QC J6J 4Z2.

## JURISDICTION AND VENUE

5.     This action arises under the patent laws of the United States, 35 U. S. C. §§ 271, 281, 283-285, as well as under state and federal trade secret laws including the Uniform Trade Secrets Act adopted by the District of Columbia at D.C. Code Div. V, Title 36, Ch. 4, 36-401 to 36-410. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a), and state and federal trade secret laws.  Venue is proper in this Court under 28 U.S.C. §§ 1391(b), 1391(c) and/or 1400(b).

6.     On information and belief, Defendants are subject to personal jurisdiction in the District of Columbia, consistent with the principles of due process and the District of Columbia Long Arm Statute, because Defendants offer their products for sale within the District of Columbia, have transacted business in the District of Columbia, have committed and/or induced acts of patent infringement in the District of Columbia, have committed and/or induced acts of contributory patent infringement in the District of Columbia, and/or have placed infringing products into the stream of commerce through

established distribution channels with the expectation that such products with be purchased by residents of the District of Columbia.

## BACKGROUND

7.     Plaintiff SMARTDOOR HOLDINGS, INC. is the owner of U.S. Patent No. 6,484,784 ("the '784 patent"), the assignment of which is recorded with the U.S. Patent Office at Reel/Frame No. -26135/0269, and a true copy of that patent is attached hereto as Exhibit "A".   In the aforementioned U.S. Patent No. 6,484,784, a door is provided with a powered opening apparatus which includes a rechargeable battery which is powered by manual operation of the door, and wherein automatic opening of the door is powered by the rechargeable battery.  It is stated at col. 2, lines 32-36 of the aforementioned patent that it is an "object of the present invention to provide an improved control and operating system for any type of automatically closing door, which can be opened ... without the provision of any hard-wired power source."

8.     The aforementioned U.S. Patent No. 6,484,784 includes a Claim 16 as well as claims 17-29 which are dependent upon Claim 16; and the text of Claim 16 is as follows:  A device comprising: a door having an open, first position and a closed, second position, with a force tending to move said door toward said second position; a disengageable stop connected to said door to hold said door in said first position; a motor connected to said door, said motor having an ability to move said door from said second position to said first position; and a generator connected to said door, wherein movement of said door from said first position to said second position causes said generator to produce power to apply a braking force to slow movement of said door from said first position to said second position and to power at least one auxiliary device.  Claim 27 of this patent contemplates that the auxiliary device can be a visual indicator, which is construed as a light.

9.     Plaintiff SMARTDOOR HOLDINGS, INC. is a successor in interest to its predecessor SMART DOOR SYSTEMS, INC. (hereafter "SDSI").   All of the patent rights and trade secret rights of the

predecessor "SDSI" have flowed to the successor SMARTDOOR.

**10.     During the period of January 2001 to April 2004, SDSI entered into business with a consultant company in Holland Landing, Ontario, Canada named Fox Electronic Technologies which did business under the name FOXET (hereafter "FOXET"), for the purposes of developing intellectual property related to a battery powered door opener and electronic controls for controlling the battery powered door opener. Defendant David Johan Van Tuyl was the principal officer of FOXET and had a confidential and close working relationship with the principal officer of the Plaintiff, Martin Weik. It was in the nature of their working relationship that the two principals exchanged trade secret and technical information so that FOXET would be able to carry out the business relationship between FOXET and Plaintiff.**

11.     FOXET and SDSI entered into a Master Services Agreement on January 1, 2001, in which FOXET agreed that SDSI would own all rights of any kind in the intellectual property and the hardware developed during the course of their relationship, and FOXET also agreed to maintain confidentiality.  All of the information and technology shared by SDSI with FOXET, or which was developed by FOXET, therefore constitutes trade secrets owned by SDSI.

12.     On information and belief, FOXET was an electronics and electrical developer and offered consulting services in the electronic and electrical design fields of technology.

13.     During the period 2000 to 2002, SDSI assisted by FOXET and Defendant David Johan Van Tuyl developed the technology shown in the aforementioned U.S. Patent No. 6,484,784, which issued at a patent on November 26, 2002.

14.     During the period 2000 to March 2004, SDSI working together with FOXET and Defendant David Johan Van Tuyl developed trade secrets related to the subject matter of the '784 patent and which were not shown in the '784 Patent.  These trade secrets have always remained the property of Plaintiff and include, but are not limited to, the following: (a) selection of a planetary gear apparatus, (b) use of

PIC 18 processors, specifically a 452 processor in the PIC 18 processor family (the model 452 now having a modern version designated 4420), and (c) use of a square wave signal control method using a pulse width modulator ("PWM") circuit, for controlling operation of the motor/generator used in the door opener such that the motor opens the door and on closing the motor will generate electricity to be supplied to a rechargeable battery and will also brake the door against the closing force of a spring.

15. A dispute arose between SDSI and FOXET, which was submitted for litigation in the Ontario Superior Court of Justice, and which was resolved in favor of SDSI in April of 2004. Soon thereafter, the relationship between SDSI and FOXET and David Johan Van Tuyl ended.

16. The trade secrets mentioned in paragraph 13 above were not made public, or used, or sold anywhere, and remained trade secrets of SDSI at all times. More specifically, the trade secrets mentioned in paragraph 13 remained trade secrets of SDSI and its successor Plaintiff SMARTDOOR at all times up until the present.

17. On information and belief, a U.S. Provisional Patent Application No. 60/751,623 (hereafter the '623 application) was filed by a party unrelated to SDSI, the '623 application being directed to a battery-operated door opener having a motor which also serves as a generator, and which on information and belief contains and utilizes at least some of the trade secrets of Plaintiff SMARTDOOR.

18. On information and belief, the '623 application was used in support of later U.S. utility patent applications having serial nos. 11/403,490 and 12/370,819 which, on information and belief, are owned by Defendant EDMIT and/or by Defendant ADA EZ.

## COUNT I

## PATENT INFRINGEMENT

19. Paragraphs 1-13 above, inclusive, are hereby incorporated herein by reference.

20. Defendant EDMIT has used, sold or offered to sell, and will continue to use, sell or offer to sell,

a product named ADA EZ that when installed as directed in its technical brochure (a true copy of which is shown in attached Exhibit "B") infringes each of the elements of one or more claims of the '784 patent, without license from SMARTDOOR, in this judicial district and elsewhere throughout the United States.

21. On information and belief, the ADA EZ Division of Defendant EDMIT INDUSTRIES, INC. ("EDMIT") manufactures and sells the product called ADA EZ which is imported in the U.S., and which is being sold and used in the District of Columbia, and is currently in use for example at the State Department building on C Street N.W. Washington D.C. as well as at Fort Meade.

22. On information and belief, in violation of 35 U.S.C. § 271, the product ADA EZ, as shown and described in the attached Exhibit "B", and mounted on a door per the instructions on the brochure of Exhibit "B" includes all of the elements of the above-mentioned Claim 16 of the aforementioned U.S. Patent No. 6,484,784.

23. More specifically, on information and belief, the product ADA EZ when installed on a door meets all of the limitations of Claim 16, and specifically includes a mechanism for holding a door open for a period of time then releasing the door to close, thereby constituting a disengageable stop; and at least one auxiliary device powered by the generator, namely LEDs which serve as visual indicators.

24. As a result of Defendant's unlawful infringement of the '784 patent, Plaintiff SMARTDOOR has suffered and will continue to suffer damage. Plaintiff SMARTDOOR is entitled to recover from Defendant EDMIT the damages suffered by SMARTDOOR as a result of Defendant's unlawful acts including unlawful acts committed by the ADA EZ division of EDMIT.

25. On information and belief, EDMIT intends to continue its unlawful infringing activity, and SMARTDOOR continues to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless the Court enjoins EDMIT from further infringing activities.

## COUNT II

## CONTRIBUTORY PATENT INFRINGEMENT

26. Paragraphs 1-24 above, inclusive, are hereby incorporated herein by reference.

27. Defendant EDMIT has used, sold or offered to sell, and will continue to use, sell or offer to sell, a product named ADA EZ that contributorily infringes when sold to dealers, distributors, and individuals within the U.S., by directing that the product ADA EZ be installed as directed in its technical brochure (a true copy of which is shown in attached Exhibit "B") such that the product ADA EZ as installed on a door, infringes each of the elements of one or more claims of the '784 patent, without license from SMARTDOOR, in this judicial district and elsewhere throughout the United States.

28. On information and belief, the ADA EZ Division of Defendant EDMIT INDUSTRIES, INC. ("EDMIT") manufactures and sells the product called ADA EZ which is imported in the U.S., and which is being sold and used in the District of Columbia, and is currently in use for example at the State Department building on C Street N.W. Washington D.C. as well as at Fort Meade.

29. On information and belief, in violation of 35 U.S.C. § 271, the product ADA EZ, as shown and described in the attached Exhibit "B", and mounted on a door per the instructions on the brochure of Exhibit "B" includes all of the elements of the above-mentioned Claim 16 of the aforementioned U.S. Patent No. 6,484,784.

30. More specifically, on information and belief, the product ADA EZ when installed on a door meets all of the limitations of Claim 16, and specifically includes a mechanism for holding a door open for a period of time then releasing the door to close, thereby constituting a disengageable stop; and at least one auxiliary device powered by the generator, namely LEDs which serve as visual indicators.

31. As a result of Defendant's unlawful infringement of the '784 patent, Plaintiff SMARTDOOR has suffered and will continue to suffer damage. Plaintiff SMARTDOOR is entitled to recover from

Defendant EDMIT the damages suffered by SMARTDOOR as a result of Defendant's unlawful acts including unlawful acts committed by the ADA EZ division of EDMIT.

32.     On information and belief, EDMIT intends to continue its unlawful infringing activity, and SMARTDOOR continues to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful contributory infringing activities unless the Court enjoins EDMIT from further contributory infringing activities.

## COUNT III

## MISAPPROPRIATION OF TRADE SECRETS

33.     Paragraphs 1-31 above, inclusive, are hereby incorporated herein by reference.

34.     On information and belief, the EDMIT's product ADA EZ incorporates one or more of the trade secrets identified in paragraph 13 above.

35.     On information and belief, there are coincidences in time, location, and technology that can only have arisen through misappropriation of Plaintiff's trade secrets, as follows:

(a) the '623 application which on information and belief is owned by or otherwise inures to the benefit of EDMIT, was filed approximately one year after the resolution of a dispute between FOXET and SMARTDOOR;

(b)  EDMIT's division ADA EZ, on information and belief, was a company starting out as a machine shop and was not known for making door controllers or door operators;

(c) both EDMIT and FOXET, on information and belief, are companies located in Canada;

(d) the trade secrets identified in paragraph 13 above are not technologically necessary elements of the device and during development many variations were contemplated, therefore the presence of those features in the product ADA EZ is striking and surprising, and would be extremely unlikely to have happened based on chance selection; and

(e) the occurrence of Plaintiff's trade secrets in Defendant's product ADA EZ, at a time shortly

after a dispute with Plaintiff's consultant FOXET and Defendant David Johan Van Tuyl, in a machine shop having no history of making door controllers or door operators, and where both FOXET, Van Tuyl, and ADA EZ are also located in the same country, leads to a reasonable belief that there is a strong likelihood of misappropriation of Plaintiff's trade secrets identified in paragraph 13 by the Defendants.

36.     Defendant EDMIT has used, sold or offered to sell, and will continue to use, sell or offer to sell, a product named ADA EZ that incorporates Plaintiff's trade secrets identified in paragraph 13 above, without license from SMARTDOOR, in this judicial district and elsewhere throughout the United States.

37.     On information and belief, the ADA EZ Division of Defendant EDMIT INDUSTRIES, INC. ("EDMIT") manufactures and sells the product called ADA EZ which is imported in the U.S., and which is being sold and used in the District of Columbia, and is currently in use for example at the State Department building on C Street N.W. Washington D.C. as well as at Fort Meade.

38.     On information and belief, in violation of the Uniform Trade Secrets Act adopted by the District of Columbia, the product ADA EZ includes trade secrets misappropriated by defendant EDMIT.

39.     As a result of Defendants' unlawful misappropriation of Plaintiff's trade secrets, Plaintiff SMARTDOOR has suffered and will continue to suffer damage.  Plaintiff SMARTDOOR is entitled to recover from Defendant EDMIT the damages suffered by SMARTDOOR as a result of Defendants unlawful acts including unlawful acts committed by the ADA EZ division of EDMIT.

40.     On information and belief, EDMIT intends to continue its unlawful infringing activity, and SMARTDOOR continues to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless the Court enjoins EDMIT from further infringing activities.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff SMARTDOOR prays for the following relief:

(a) That EDMIT be declared to have infringed, induced others to infringe, and/or committed acts of contributory infringement with respect to the claims of the '784 patent.

(b) That EDMIT and its officers, agents, servants, employees, and all those persons acting or attempting to act in active concert or in participation with them or acting on their behalf be permanently enjoined from further infringement of the '784 patent.

(c) That EDMIT be ordered to account for and pay to SMARTDOOR all damages caused to SMARTDOOR by reason of EDMIT's infringement of the '784 patent pursuant to 35 U.S.C. § 284.

(d) That EDMIT be ordered to pay treble damages for willful infringement of the '784 patent pursuant to 35 U.S.C. § 284.

(e) That this case be declared exceptional under 35 U.S.C. § 285 and that SMARTDOOR be awarded its attorneys' fees, expenses, and costs incurred in this action.

(f) That SMARTDOOR be granted pre-judgement and post-judgement interest on the damages caused to it by reason of EDMIT's infringement of the '784 patent.

(g) That EDMIT and DAVID JOHAN VAN TUYL, or either of them be declared to have misappropriated, and/or induced others to misappropriate, and/or benefited from misappropriation by others, with respect to the trade secrets of SMARTDOOR.

(h) That EDMIT and its officers, agents, servants, employees, and all those persons acting or attempting to act in active concert or in participation with them or acting on their behalf, including DAVID JOHAN VAN TUYL, be permanently enjoined from further use, misuse, and/or misappropriation of the trade secrets of SMARTDOOR.

(i) That EDMIT be ordered to account for and pay to SMARTDOOR all damages caused to SMARTDOOR by reason of EDMIT's misappropriation of SMARTDOOR'S trade secrets, pursuant to the Uniform Trade Secrets Act adopted by the District of Columbia.

(j)     That EDMIT be ordered to pay treble damages for willful misappropriation of SMARTDOOR'S trade secrets, pursuant to the Uniform Trade Secrets Act adopted by the District of Columbia.

(k)     That this case be declared exceptional under federal and/or state trade secret laws, and that SMARTDOOR be awarded its attorneys' fees, expenses, and costs incurred in this action.

(l)     That SMARTDOOR be granted pre-judgment and post-judgment interest on the damages caused to it by reason of EDMIT's misappropriation of SMARTDOOR'S trade secrets.

(m)    That EDMIT be ordered to pay all costs associated with this action; and

(n)    That SMARTDOOR be granted such other and additional relief as the Court deems just and proper.

SMARTDOOR HOLDINGS, INC.
By Counsel,

/S/ Thomas A. Mauro_____
Thomas A. Mauro, Esq.
Bar No. 184515
MAURO LAW OFFICES, P.C.
1776 K Street, N.W., 2nd Floor
Washington, D.C. 20006
Telephone: (202) 452 9865
Facsimile: (202) 331 1940