UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTDOOR HOLDINGS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>EDMIT INDUSTRIES, INC., *et al*.,<br><br>    Defendants. | Civil Action No. 14-657 (JEB) |

**MEMORANDUM OPINION**

Plaintiff Smartdoor Holdings, Inc., filed this action against several Defendants, alleging patent infringement and misappropriation of trade secrets. Defendant ADA EZ now moves to dismiss on the ground that, as a mere division of a company, it lacks the capacity to be sued. Plaintiff both opposes and moves to strike the Motion, claiming that Defendant has not adequately explained what ADA EZ is or who owns it. Because the Court concludes that, as identified in the Complaint, ADA EZ does lack capacity, it will grant Defendant's Motion and deny Plaintiff's.

**I.      Background**

According to the Complaint – the truth of which must be presumed at this stage – Smartdoor owns a patent for technology used in automatic doors. See Compl., ¶¶ 1, 7, 8. In 2001, Plaintiff's predecessor in interest, Smart Door Systems, Inc. (SDSI), entered into a business relationship with an Ontario consulting company to develop intellectual property related to its patent. Id., ¶ 10. Defendant David Johan Van Tuyl was the principal of that company. Id. SDSI and Van Tuyl worked together developing trade secrets related to Plaintiff's patent until they suffered a falling out in April 2004. Id., ¶¶ 14, 15. Some time later, an unnamed third party

1

filed a patent application that contains and utilizes some of these trade secrets owned by Smartdoor. Id., ¶ 17. This application was then used in support of later utility patent applications owned by the other two named Defendants, Edmit Industries, Inc. and ADA EZ, the latter of which Plaintiff identifies as "a division of . . . Edmit." Id., ¶¶ 3, 4, 18. According to Plaintiff, Edmit and ADA EZ manufacture and sell a product that utilizes technology covered by its patent. Id., ¶¶ 20, 21.

Smartdoor filed this suit on April 17, 2014, alleging patent infringement, contributory patent infringement, and misappropriation of trade secrets. Id., ¶¶ 19-40. Defendant ADA EZ now moves to dismiss on the ground that, as a division of a company, it lacks the capacity to be sued. Plaintiff opposes and separately moves to strike the Motion, asserting that Defendant did not adequately clarify its corporate form through Rule 26 disclosures.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss a claim for relief when the complaint "fail[s] to state a claim upon which relief can be granted." In evaluating a motion to dismiss, the Court must "treat the complaint's factual allegations as true and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged." Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (citation and internal quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, [if] accepted as true, to

state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (internal quotation omitted).  A plaintiff may survive a Rule 12(b)(6) motion even if "recovery is very remote and unlikely," but the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555-56 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

**III.    Analysis**

In moving to dismiss, Defendant contends that the Complaint fails to state a separate claim against ADA EZ.  Smartdoor identifies ADA EZ simply as "a division of . . . Edmit," Compl., ¶ 4, and, Defendant argues, such entities lack capacity to be sued as a matter of a law.  ADA EZ is correct.

Capacity for suit in federal court is determined by Federal Rule of Civil Procedure 17(b).  Under that rule, for "an individual who is not acting in a representative capacity," the "law of the individual's domicile" determines capacity; "for a corporation," the "law under which it was organized" controls; and "for all other parties," courts are to look to "the law of the state where the court is located . . . ."  In its Complaint, Smartdoor does not allege that ADA EZ is an individual or a corporation.  Its capacity to be sued, therefore, is controlled "by the law of the state where [this Court] is located," Rule 17(b)(3) – namely, the District of Columbia.  See Busby v. Electric Utilities Employees Union, 323 U.S. 72, 73 (1944).

There is no dispute that under D.C. law, "unincorporated divisions of a corporation lack legal capacity to be sued." E.E.O.C. v. St. Francis Xavier Parochial School, 77 F. Supp. 2d 71, 75 (D.D.C. 1999) (collecting cases), aff'd, 254 F.3d 315 (D.C. Cir. 2000).  "The rationale for this precedent is, above all, pragmatic, as an unincorporated division does not possess separate assets;

all of its assets are owned by the corporation." Id. at 76.  Because the Complaint identifies ADA EZE merely as "a division of . . . Edmit," Compl., ¶ 4, it lacks capacity to be sued.

There is an exception in Rule 17 for non-individual, non-incorporated entities, according to which "a partnership or other unincorporated association" that lacks capacity to be sued "under that state's law" "may [still] sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws." Fed. R. Civ. P. 17(b)(3)(A).  This caveat, however, does not save Plaintiff's claim.  "Federal courts, including courts in this district, have held that an 'unincorporated association' under [Rule 17(b)(3)(A)] is a body of persons, acting without a charter, for the purposes of promoting a common objective.'" Murphy v. PriceWaterhouseCoopers, LLP, 357 F. Supp. 2d 230, 241 n.9 (D.D.C. 2004) (quoting St. Francis, 77 F. Supp. 2d at 76-77), aff'd in part and rev'd on other grounds sub nom. Schuler v. PricewaterhouseCoopers, LLP, 595 F.3d 370 (D.C. Cir. 2010).  "[A] division of a corporation," however, "does operate with a charter – the charter of the larger corporation." St. Francis, 77 F. Supp. 2d at 77.  Such a division is thus not an "unincorporated association[]" under Rule 17(b)(3)(A).  See id. (collecting cases); see also Pushkin v. Nat'l Academies Bd. on Sci. Educ., No. 10-1765, 2012 WL 4889277, at *3 (D.D.C. Aug. 26, 2012) (dismissing complaint where "[p]laintiff . . . [did] not allege that the [defendant was] a corporation, a governmental department, or otherwise subject to suit").  ADA EZ, therefore, lacks the capacity to be sued in this Court, even for violations of federal law.

Plaintiff counters little of this directly.  It concedes that this Court looks to D.C. law in this context, but asserts that because ADA EZ is a Canadian entity, that fact should somehow change the capacity analysis.  This is a puzzling assertion, considering the clarity of the rule: capacity to be sued is based on "the law of the state where the court is located . . . ." Fed. R. Civ.

P. 17(b)(3) (emphasis added).  ADA EZ's location is thus immaterial.  Nor, as Smartdoor claims, must the Court look outside the Complaint to grant this Motion, thereby converting it into one for summary judgment under Rule 12(d).  On the contrary, it is the language of the Complaint itself that decides the issue.

Smartdoor's main lament seems to be that it expected some clarification about ADA EZ through Rule 26 disclosures.  It suspects that there is more to ADA EZ than Defendant lets on and faults Defendant for not establishing its constitution or ownership to Plaintiff's satisfaction.  Based on this alleged failure, Smartdoor moves to strike Defendant's Motion to Dismiss.  See ECF No. 39.  The Court has no basis to grant such a motion.  It is Plaintiff's burden to establish, at the very least, the potential for ADA EZ to have the capacity to be sued.  Yet Smartdoor's unequivocal language about Defendant's status as a division in the Complaint removes all doubt: as identified, Smartdoor cannot be sued.  There is, moreover, no subsequent burden on Defendant to cure this defect.  Plaintiff's Motion to Strike, therefore, is unavailing.

As to the disposition, Defendant seeks a dismissal with prejudice on the ground that "amending the pleadings would be futile."  Mot. at 4.  It is, however, too early in the game for such a ruling.  As the D.C. Circuit has warned, dismissals with prejudice under Rule 12(b)(6) are disfavored and "warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (internal quotation marks and citations omitted).  In this case, Plaintiff might, through subsequent discovery, determine that ADA EZ can in fact be sued, at which point it may seek leave to amend its Complaint.  The Court will, therefore, dismiss the suit against ADA EZ without prejudice.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss and deny Plaintiff's Motion to Strike. A separate Order so stating will issue this day

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: January 23, 2015